**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Eduardo TREJO-MUNOZ, a/k/a Lalo, Defendant-Appellant.**

**No. 16-4584**

United States Court of Appeals, Fourth Circuit.

Submitted: September 28, 2017

Decided: October 4, 2017

Charles R. Brewer, Asheville, North Carolina, Janet C. Thomas, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Before SHEDD, AGEE, and KEENAN, Circuit Judges.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eduardo Trejo-Munoz appeals his jury convictions and 262-month sentence for conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and four counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Trejo-Munoz argues that the district court admitted out-of-court statements into evidence in violation of the Confrontation Clause, that the district court erred in calculating the applicable drug weight for Sentencing Guidelines purposes, and that Trejo-Munoz's trial counsel provided ineffective assistance. Finding no reversible error, we affirm.

First, we reject Trejo-Munoz's Confrontation Clause claim, as the statements he challenges were neither testimonial nor admitted for their truth. *See Davis v. Washington*, 547 U.S. 813, 821, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006); *Crawford v. Washington*, 541 U.S. 36, 59 n.9, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). We also conclude, upon careful review of the record, that the district court did not clearly err in finding Trejo-Munoz accountable for 4.5 kilograms or more of high-purity methamphetamine. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (2015); *United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009) (stating standard of review). Finally, we decline to consider Trejo-Munoz's ineffective assis-

---

tance claim on direct appeal because the record does not conclusively establish his counsel's ineffectiveness. *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Trejo-Munoz should assert this claim, if at all, in a 28 U.S.C. § 2255 (2012) motion. *Id.*

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*